IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN GARCIA § <br> (BOP Register No. 43051-177), § <br> § <br> Movant, § <br> § <br> V. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | No. 3:18-cv-3117-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant John Garcia, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Dkt. Nos. 2 & 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater.

On November 28, 2018, the Court ordered Garcia to show cause in writing why his motion should not be summarily dismissed as time-barred. *See* Dkt. No. 4. His response was received and docketed on December 27, 2018. *See* Dkt. No. 5.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion with prejudice as time-barred.

**Applicable Background**

Garcia pleaded guilty to – and was adjudged guilty of – conspiracy to possess

with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii), and, in August 2016 – following a remand from the United States Court of Appeals for the Fifth Circuit for resentencing – Garcia was sentenced to 189 months of imprisonment. *See United States v. Garcia*, No. 3:09-cr-276-D (03), Dkt. No. 237.

A timely notice of appeal was filed, *see id.*, Dkt. No. 239, and, on July 19, 2017, the Fifth Circuit dismissed that appeal as frivolous, *see id.*, Dkt. Nos. 246 & 247; *United States v. Garcia*, No. 16-11251 (5th Cir. July 19, 2017) (per curiam).

Garcia did not seek review in the United States Supreme Court. And his Section 2255 motion was filed no sooner than November 8, 2018, the date that Garcia avers that he deposited it into the prison mail for filing. *See* Dkt. No. 2 at 12; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (concerning the prison mailbox rule).

**Legal Standards**

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), *codified at* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

>Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

>"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam)

(holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court has also determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts provides in part that "[i]f it plainly appears from the [Section 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*; *see generally, e.g, Estrada-Herrera v. United States*, No. 3:16-cv-1299-L-BN, 2016 WL 4098533 (N.D. Tex. May 13, 2016) (applying Rule 4(b) summary treatment to a time-barred motion), *rec. accepted*, 2016 WL 4039185 (N.D. Tex. July 28, 2016).

But, "'before acting on its own initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original)); *see also Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

The November 28, 2018 show cause order [Dkt. No. 4] provided this notice. And Garcia has now presented his positions. *See* Dkt. No. 5.

### Analysis

Garcia's criminal judgment became final on October 17, 2017 – the date on which his time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). And, under Section 2255(f)(1), the AEDPA statute of limitations expired one year later, on October 17,

2018 – making his Section 2255 motion, filed no sooner than November 8, 2018, some three weeks too late.

The 90-day period for seeking certiorari review started on July 19, 2017, the date that the Fifth Circuit entered judgment dismissing Garcia's appeal as frivolous. But Garcia urges the Court to adjust that date to either August 10, 2017 – the date that mandate issued – or September 1, 2017 – the date that he claims the Fifth Circuit denied his petition for panel rehearing. *See* Dkt. No. 5.

> Under Supreme Court Rule 13.3, the 90-day period to file a petition for a writ of certiorari from the judgment of a court of appeals ordinarily runs from the date that the court issues an opinion announcing the ruling. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). However, if a petition for rehearing is timely filed in the appeals court by any party, then the time for all parties to file a certiorari petition runs from the date of the denial of rehearing. SUP. CT. R. 13.3.

*United States v. Forrester*, 401 F. App'x 919, 920 (5th Cir. 2010) (per curiam) (modified); *see also* FED. R. APP. P. 40(a)(1) (In a criminal case, "[u]nless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment."); *cf. Bradshaw v. Davis*, 736 F. App'x 457, 459 (5th Cir. 2018) (per curiam) (because Garcia, in his show-cause response, relies on cases discussing timeliness under a similar provision applicable to state criminal judgments, 28 U.S.C. § 2244(d)(1)(A), under that provision, when "a petitioner neither stops the appeal process before the entry of judgment by the state court of last resort nor pursues direct review with the Supreme Court, the one-year period starts to run from 'the expiration of the time for seeking direct review,'" which "occurs at the conclusion of the 90 days that a party has to file for certiorari with the clerk of the

Supreme Court. Those 90 days are calculated from (1) the date of the judgment entered by a state court of last resort, after denial of discretionary review, or (2) if a timely petition for rehearing is filed or an untimely petition for rehearing is entertained, either the date of the denial of rehearing or the subsequent entry of judgment if rehearing is granted." (citing SUP. CT. R. 13.1, 13.3; *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *England v. Quarterman*, 242 F. App'x 155, 157-58 (5th Cir. 2007)); brackets omitted).

Garcia did not file a timely petition for panel rehearing. He instead filed – no sooner than August 16, 2017, the date that he signed the filing – a Petition for En Banc Hearing, which the Fifth Circuit received on August 31, 2017 and took no action on. *See Garcia*, No. 16-11251, Dkt. No. 77. He then filed a Motion for Consideration to File Out of Time By Affidavit, dated October 5, 2017. *See id.*, Dkt. No. 78. And, on October 19, 2017, the Court of Appeals entered an order noting that it denied a "Motion filed by [Garcia] for leave to file motion for reconsideration to file out of time by affidavit." *Garcia*, No. 3:09-cr-276-D (03), Dkt. No. 248; *Garcia*, No. 16-11251, Dkt. No. 82.

None of these untimely filings operated to extend the 90-day period for filing a petition for a writ of certiorari and therefore extended the one-year period to file a timely Section 2255 motion.

Nor does Garcia's professed ignorance of these rules trigger equitable tolling of the limitations period. *Cf. United States v. Sealed Appellant 1*, 70 F. App'x 774, 775 (5th Cir. 2003) (per curiam) ("equitable tolling [ ] not warranted where the movant's attorney gave him incorrect legal advice regarding the time for filing a 28 U.S.C. § 2255

motion" (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2003))); *Segura Martinez v. Quarterman*, No. 3:08-cv-316-L, 2008 WL 2673760, at *3 (N.D. Tex. June 25, 2008) ("At most, it appears that counsel may have been negligent in relying on the date the mandate issued in calculating the one-year limitations period. Negligent conduct, standing alone, is not a 'rare and exceptional' circumstance that warrants equitable tolling." (citations omitted)).

Garcia also more generally contends that he deserves equitable tolling because he "has diligently pursued his rights." Dkt. No. 5 at 8-9 ("There is a difference between someone who sits around and does nothing for a year and finally decides to file a late § 2255 Motion and someone like Petitioner who invested his time month after month after month putting together his § 2255 Brief, and who tried to use all the time he thought he had. There is a material difference between the two."). Even if Garcia acted diligently, diligence is but one of the two requirements needed to show equitable tolling. And Garcia has not shown the other requirement – "that some extraordinary circumstance" – beyond his control – "stood in his way and prevented timely filing." *Menominee Indian Tribe*, 136 S. Ct. at 755 (quoting *Holland*, 560 U.S. at 649); *see id.* at 756; *Farmer*, 640 F. App'x at 307.

He has therefore not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his Section 2255 motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (04), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

For these reasons, the Section 2255 motion is time-barred.

## Recommendation

The Court should dismiss Movant John Garcia's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with prejudice as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE